FILED
JAMES BONINI
CLERK
07 JUN -1 PM 3:13
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

vs.

RAGER FERTILIZER CO.,
Defendant.

Case No. 2 : 07 cr 126

Judge JUDGE WATSON

## PLEA AGREEMENT

The United States Attorney for the Southern District of Ohio and defendant, RAGER FERTILIZER CO. (hereinafter "RFC"), hereby enter into the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure and §6B1.1 of the United States Sentencing Guidelines. The parties agree that:

1. Defendant, RFC, agrees to waive Indictment and will enter a voluntary plea of guilty to Count One (1) of the Information filed herein by the United States Attorney for the Southern District of Ohio. Count One (1) of the Information charges defendant, RFC, with knowingly discharging a pollutant through a point source into a water of the United States, without a National Pollutant Discharge Elimination System ("NPDES") permit required under 33 U.S.C. §1342, in violation of 33 U.S.C. §§ 1311(a), 1319(c)(2)(A), and 18 U.S.C. § 2.

2. Defendant, RFC, understands the maximum penalty which may be imposed pursuant to the defendant's plea of guilty to Count One (1) of the Information, is a fine of not less than five thousand dollars ($5,000.00) and not more than fifty thousand dollars ($50,000.00) per day of violation pursuant to 18 U.S.C. §1319(c)(2), or a fine of not more than five hundred thousand

dollars ($500,000.00) pursuant to 18 U.S.C. § 3571(c), and up to one (1) year of supervised release pursuant to 18 U.S.C. §3583.

3. After defendant, RFC, enters a plea of guilty to Count One (1), defendant will pay a mandatory special assessment of four hundred dollars ($400.00) per count, as required by 18 U.S.C. § 3013. This assessment shall be paid by the defendant before sentence is imposed and the defendant shall furnish a receipt at sentencing. The payment shall be made to the United States District Court, at the Clerk's office, 85 Marconi Boulevard, Columbus, Ohio 43215. In an appropriate case, the defendant, RFC, could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

4. Defendant, RFC, acknowledges, by pleading guilty, that defendant is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to confront and cross-examine adverse witnesses; (d) to testify and present evidence; and (e) to compel the attendance of witnesses.

5. Defendant, RFC, through its officers and employees, agrees to provide a complete statement to authorities of the United States concerning knowledge of the conduct and activities related to the events and activities described in the Information. Defendant, RFC, through its officers and employees, agrees to submit to supplemental debriefings and provide testimony on such matters whenever requested by authorities of the United States, whether before or after a plea is entered. Pursuant to §1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

6. If defendant, RFC, enters a plea of guilty to Count One of the Information, and such plea of guilty is not withdrawn, and defendant acts in accordance with all other terms of this Plea Agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional criminal charges against the defendant, RFC, or any of its owners or employees, based on the activities charged in the Information.

7. Defendant, RFC, understands that this Plea Agreement does not protect RFC from prosecution for perjury, should RFC, through its officers and employees, testify untruthfully or make false statements, nor does it protect RFC from prosecution for other crimes or offenses as to which RFC, through its officers and employees, does not make admissions or give truthful information and which the United States discovers by independent investigation. Further, should defendant, RFC, through its officers and employees, fail to comply fully with the terms and conditions set forth herein or should RFC, through its officers and employees, fail to appear as required for sentencing, this Plea Agreement is voidable at the election of the government, in which case, defendant, RFC, will be subject to prosecution as if the Plea Agreement had never been made.

8. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, neither party is bound by any of its provisions, and defendant, RFC, may withdraw defendant's guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution pursuant to the Information or any additional charges as if the Plea Agreement had never been made. Defendant, RFC, will not object to such further prosecution pursuant to the Information or any additional charges.

9. The parties recommend that defendant, RFC, should pay a fine in the amount of $15,000. The United States does not oppose a term of probation of up to two (2) years for the purpose of establishing a payment schedule for the fine and restitution. The parties further understand that this recommendation is not binding on the Court and the final determination concerning the amount of fine, for purposes of sentencing, rests with the Court.

10. To demonstrate acceptance of responsibility and provide restitution to the environmental community, defendant, RFC, further agrees to pay restitution in the amount of $10,000 to the Fairfield Soil and Water Conservation District. The parties further understand that this recommendation is not binding on the Court and the final determination concerning the amount of restitution, for purposes of sentencing, rests with the Court.

11. Defendant, RFC, is aware that in light of United States v. Booker, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory and, in addition, that the United States Sentencing Guidelines do not have a specific section which addresses corporate environmental crime. The defendant is also aware that: (1) the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty; (2) the Court has not yet determined defendant's sentence; (3) any estimate of a probable sentencing range that defendant may have received, or may receive in the future, from the defendant's counsel, the United States or the Probation Department, is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court; (4) the United States has made no promise or representation concerning the sentence that defendant will receive; and (5) defendant cannot withdraw defendant's guilty plea based upon the actual sentence imposed.

12. The defendant understands and acknowledges that the defendant is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that the defendant is entering into this Plea Agreement without reliance on any representations or discussions not contained in this agreement and that there have been no threats, coercion, or intimidation of any kind. The defendant acknowledges complete satisfaction with the representation of counsel and the advice received in connection with this Plea Agreement.

13. By virtue of the defendant's guilty plea to Count One of the Information, defendant understands that the defendant is not a prevailing party as defined by 18 U.S.C. § 3006(A) and hereby expressly waives defendant's right to sue the United States.

14. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties. This Plea Agreement, including the Stipulated Statement of Facts, embodies all of the agreements and understandings between the United States Attorney for the Southern District of Ohio and the defendant. No conversations, discussions, understandings, or other documents extraneous to this Plea Agreement shall be considered part of this Plea Agreement.

5-1-07
Date

RAGER FERTILIZER CO.
MICHAEL RAGER, President
On behalf of defendant Rager Fertilizer Co.

5-22-07
Date

MICHAEL P. VASKO
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

6/1/07
Date

J. MICHAEL MAROUS (0015332)
Assistant United States Attorney